# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PONDEROSA TWINS PLUS ONE, et al., <br><br> Plaintiffs, <br> vs. <br> iHEARTMEDIA, INC. et al., <br><br> Defendants. | CASE NO. 16cv2258-LAB (JMA) <br><br> **ORDER TO SHOW CAUSE RE: VENUE** |

Plaintiffs, a defunct musical group and its representative Ricky Spicer, filed this putative class action seeking damages for copyright infringement by a large group of Defendants. Spicer alleges he resides in Ohio. (Compl., ¶ 50.) Most of the Defendants are incorporated in or have their principal places of businesses in various states. (*Id.*, ¶¶ 53–57.) Two Defendants, Deezer, Inc. and SoundCloud, Inc., are alleged to be foreign corporations with their principal places of business abroad. (*Id.*, ¶¶ 58–59.) One Defendant, Sony Interactive Entertainment, LLC is alleged to be headquartered in San Mateo, California, though it is incorrectly identified as a corporation. (*Id.*, 60.)

None of the Defendants have their principal places of business in this District, and none are alleged to have aimed their infringing activities towards this District. Rather, the complaint alleges their infringing activities are directed towards the public generally, including California citizens, via the internet and radio. (Compl., ¶ 62.)  In support of their contention

that venue is proper in this District, Plaintiffs cite 28 U.S.C. § 1391(a). They conclusorily allege both that "a substantial part of the events or omissions giving rise to the claims occurred and or emanated from this District" and that some unidentified putative class members reside in this District. (*Id.*, ¶ 64.)

The venue for suits for copyright infringement, however, is not governed by the general venue statute, but rather by 28 U.S.C. § 400(c). *Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1143 (N.D. Cal., 2007) (citing *Lumiere v. Mae Edna Wilder, Inc.*, 261 U.S. 174, 176 (1923).) Under this provision, venue is proper in any judicial district in which the Defendant would be subject to personal jurisdiction, if the district were a separate state. *Id.* (citing *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284, 288 (9th Cir. 1997).) The Complaint does not contain any factual allegations that would show why venue is proper in this District.

The Court can *sua sponte* raise the issue of defective venue, provided it has not been waived. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Here, it appears venue is not proper in this District, and it is unclear in which District venue would be proper.

Plaintiffs are therefore **ORDERED TO SHOW CAUSE** why this action should not be dismissed for improper venue. Plaintiffs may do so by filing a memorandum of points and authorities, not longer than seven pages, within **21 calendar days of the date this order is entered in the docket**. The page limit does not include any appended or lodged material.

When briefing the issue, Plaintiffs should bear in mind the standard for personal jurisdiction articulated in *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) and *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014). They should take care to explain why venue is proper in <u>this District</u>,[1] rather than in some other District in California, or in California in general.

If Plaintiffs believe transfer rather than dismissal is appropriate, they should clearly show in which District venue would be proper, and why. In the absence of such a showing,

---

[1] This District comprises only San Diego and Imperial Counties. Rather than conclusorily asserting that events occurred within this District, Plaintiffs should to the extent possible specify the locations in San Diego or Imperial County they are talking about.

the Court would not be inclined to transfer the action to a district where venue might prove to be equally improper. Doing so would amount to merely passing the same problem along to some other court.   See Fed. R. Civ. P. 1; 28 U.S.C. § 1404(a); *Tatar v. Levi*, 2010 WL 3740610 (D. N.J. Sept. 20, 2010) (pointing out the problems of repeated transfers of cases).

If Plaintiffs fail to show cause as ordered within the time permitted, this action will be dismissed without prejudice for improper venue.

**IT IS SO ORDERED**.

DATED: September 9, 2016

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge